# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HOLOGIC, INC., | Civil Action No.:  3:17-cv-1056 |
| Plaintiff, | |
| v. | COMPLAINT FOR PATENT INFRINGEMENT |
| FUJIFILM MEDICAL SYSTEMS USA, INC., FUJIFILM CORPORATION, and FUJIFILM TECHNO PRODUCTS CO., LTD., | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Hologic, Inc. ("Hologic"), by its undersigned attorneys, and for its complaint against FUJIFILM Medical Systems USA, Inc. ("FUJIFILM USA"), FUJIFILM Corporation ("FUJIFILM Japan"), and FUJIFILM Techno Products Co., Ltd. ("FUJIFILM Techno Japan") (collectively "FUJIFILM" or "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement which arises under the patent statutes, 35 U.S.C. § 101 et seq., in particular 35 U.S.C. § 271.

## PARTIES

2.      Plaintiff Hologic is a leading developer, manufacturer, and supplier of diagnostic products, medical imaging systems, and surgical products with a focus on serving the healthcare needs of women.  In 2011, Hologic's Selenia® Dimensions® digital breast tomosynthesis system became the first breast tomosynthesis device to obtain FDA approval.

3.      Hologic is a corporation organized and existing under the laws of Delaware with its principal place of business located at 250 Campus Drive, Marlborough, Massachusetts 01752.

Hologic also maintains a facility in Danbury, Connecticut, where it manufactures and tests digital breast imaging devices, including the Selenia® Dimensions® system.

4.      Upon information and belief, Defendant FUJIFILM USA is a corporation organized and existing under the laws of New York with its principal place of business located at 419 West Avenue, Stamford, Connecticut 06902.  Upon information and belief, FUJIFILM USA operates as a subsidiary of and is controlled by FUJIFILM Japan.

5.      Upon information and belief, Defendant FUJIFILM Japan is a Japanese corporation with its principal place of business at 9-7-3 Akasaka Minato-ku Tokyo, Japan 107-0052.

6.      Upon information and belief, Defendant FUJIFILM Techno Japan is a Japanese corporation with its principal place of business at Factory Hanamaki Site, 2-1-3 Kitayuguchi, Hanamaki-Shi Iwate, Japan 025-0301.  Upon information and belief, FUJIFILM Techno Japan operates as a subsidiary of and is controlled by FUJIFILM Japan.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271, *et seq.*, and 28 U.S.C. §§ 1331, 1338(a).

8.      This Court has personal jurisdiction over Defendants because, *inter alia*, FUJIFILM USA has its principal place of business located in Connecticut, Defendants have conducted and continue to conduct business in Connecticut, Defendants have availed themselves of the rights and benefits of Connecticut law, Defendants have purposefully availed themselves of the privilege of conducting business in Connecticut, and Defendants have sold and/or imported infringing products from and into Connecticut.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) as FUJIFILM USA, the only Defendant that resides in the United States, has committed acts of

infringement and has a regular and established place of business in Connecticut. According to

FUJIFILM USA's website, its "corporate headquarters is located in Stamford, CT providing

sales, service, applications, and marketing leadership for its US based operations." *See*

http://www.FUJIFILMusa.com/about/corporate_profile/FUJIFILM_companies/medical_systems

/about/index.html.

### THE PATENTS-IN-SUIT

10.     Hologic owns by assignment the entire right, title, and interest in U.S. Patent No.

7,831,296 ("the '296 Patent") entitled "X-Ray Mammography With Tomosynthesis," which was

duly and lawfully issued by the United States Patent and Trademark Office on November 9,

2010. A true and correct copy of the '296 Patent is attached as Exhibit A.

11.     Hologic owns by assignment the entire right, title, and interest in U.S. Patent No.

8,452,379 ("the '379 Patent") entitled "X-Ray Mammography With Tomosynthesis," which was

duly and lawfully issued by the United States Patent and Trademark Office on May 28, 2013. A

true and correct copy of the '379 Patent is attached as Exhibit B.

12.     Hologic owns by assignment the entire right, title, and interest in U.S. Patent No.

7,688,940 ("the '940 Patent") entitled "Mammography System and Method Employing Offset

Compression Paddles, Automatic Collimation, and Retractable Anti-Scatter Grid," which was

duly and lawfully issued by the United States Patent and Trademark Office on March 30, 2010.

A true and correct copy of the '940 Patent is attached as Exhibit C.

13.     Hologic owns by assignment the entire right, title, and interest in U.S. Patent No.

7,986,765 ("the '765 Patent") entitled "Mammography System and Method Employing Offset

Compression Paddles, Automatic Collimation, and Retractable Anti-Scatter Grid," which was

duly and lawfully issued by the United States Patent and Trademark Office on July 26, 2011. A

true and correct copy of the '765 Patent is attached as Exhibit D.

14.     Hologic owns by assignment the entire right, title, and interest in U.S. Patent No. 7,123,684 ("the '684 Patent") entitled "Full Field Mammography With Tissue Exposure Control, Tomosynthesis, and Dynamic Field of View Processing" which was duly and lawfully issued by the United States Patent and Trademark Office on October 17, 2006.  A true and correct copy of the '684 Patent is attached as Exhibit E.

## THE INFRINGING PRODUCTS

15.     Among other products, Defendants make, use, offer for sale, and/or sell within the United States, and/or import into the United States, x-ray breast imaging devices, including the FUJIFILM ASPIRE Cristalle digital mammography system.

16.     On January 23, 2017, FUJIFILM USA announced that it had received premarket approval from the U.S. Food and Drug Administration (FDA) for its "Digital Breast Tomosynthesis (DBT)," as an optional software upgrade for the FUJIFILM ASPIRE Cristalle system, and that "[t]he optional DBT upgrade for the ASPIRE Cristalle system is now available in the United States."  *See* FUJIFILM USA Press Release entitled "FDA Approves FUJIFILM's Digital Breast Tomosynthesis Option for ASPIRE Cristalle Digital Mammography System" dated January 23, 2017, a copy of which is attached hereto as Exhibit F.

17.     FUJIFILM USA also announced that it would display the ASPIRE Cristalle system with DBT at the National Consortium of Breast Centers (NCoBC) conference from March 11-13, 2017 in Las Vegas, NV, and at the Society of Breast Imaging (SBI) Symposium, April 6-9, 2017, in Los Angeles, CA.  *Id*.

## COUNT I—INFRINGEMENT OF U.S. PATENT NO. 7,831,296

18.     Hologic repeats the allegations contained in paragraphs 1-18.

19.     Defendants have been and now are directly infringing at least independent claim 23 of the '296 Patent and claims depending therefrom pursuant to 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, x-ray breast imaging devices, including at least their ASPIRE Cristalle product.  An exemplary claim chart showing how the ASPIRE Cristalle product infringes the '296 Patent is attached hereto as Exhibit G.

20.     Upon information and belief, Defendants have indirectly infringed the  '296 Patent pursuant to 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement and/or contributing to the infringement of the '296 Patent by providing and/or selling in the United States at least the ASPIRE Cristalle product to customers and/or users of that product, and thus are liable for infringement of the '296 Patent pursuant to 35 U.S.C. § 271(b) and/or (c).

21.     Upon information and belief, Defendants are currently actively inducing and have induced infringement of the '296 Patent pursuant to 35 U.S.C. § 271(b) through, among other things, the sale and offer for sale in the United States of at least the ASPIRE Cristalle product to direct infringers that include, without limitation, the customers and end users who use Defendants' ASPIRE Cristalle product, with the specific intent that the ASPIRE Cristalle product be used in an infringing manner.

22.     Upon information and belief, Defendants have encouraged customers and end-users to use at least the ASPIRE Cristalle product in an infringing manner, provided operating manuals instructing customers and end-users to use at least that  product in an infringing manner, provided training and/or technical support to customers and end users instructing how to use at least that product in an infringing manner, and advertised, marketed,  and promoted the use of at

least that product in an infringing manner.  Upon information and belief, Defendants have had specific intent to infringe the '296 Patent or were willfully blind to such infringement.

23.     Upon information and belief, Defendants have also indirectly infringed the '296 Patent pursuant to 35 U.S.C. § 271(c) by contributing to the infringement of the '296 Patent by providing and/or selling at least the ASPIRE Cristalle product in the United States to customers and/or users of that product, features of which constitute a material part of one or more claims of the '296 Patent, and are not a staple article of commerce suitable for non-infringing uses, and are especially made and or adapted for use in infringing the '296 Patent.

24.     Upon information and belief, Defendants possessed intent to contributorily infringe the '296 Patent because they knew that the features of at least the ASPIRE Cristalle product are especially made or adapted for use in an infringement of one or more claims of the '296 Patent and such features are not a staple article of commerce suitable for non-infringing uses.

25.     Upon information and belief, the direct infringers for Defendants' contributory infringement include, without limitation, the customers and end-users who use at least the ASPIRE Cristalle product, to whom Defendants sell and offer to sell at least that product. Defendants have contributed to these customers' and end-users' infringement by selling and offering to sell at least the ASPIRE Cristalle product to them, by advertising and promoting at least that product as embodying a material component of the patented invention, and by encouraging and providing instructions to their customers and end-users for using at least that product as embodying a material component of the patented invention.

26.     Upon information and belief, Defendants have had knowledge of the '296 Patent and its patent family as evidenced, for example, by (i) the reference to the '296 Patent during

prosecution of FUJIFILM's own U.S. Patent No. 8,817,948; and (ii) the reference to the application that lead to the '296 Patent during prosecution of FUJIFILM's own U.S. Patent No. 8,139,712.

27.     The Summary of Safety and Effectiveness Data sheet available on the FDA's website for the FUJIFILM's ASPIRE Cristalle indicates that Hologic's Selenia Dimensions Tomosynthesis product performs certain of the same functions as the ASPIRE Cristalle. FUJIFILM, accordingly, upon information and belief has knowledge of Hologic's Selenia Dimensions Tomosynthesis product.  Furthermore, Hologic has given notice to the public on its virtual patent marking webpage, identified below, that Hologic's Selenia Dimensions Tomosynthesis product may be covered by, *inter alia*, the '296 Patent.

28.     Upon information and belief, Defendants' foregoing acts of infringement of the '296 patent have been and continue to be willful and deliberate.

29.     Hologic has been damaged, in an amount yet to be determined, by Defendants' acts of infringement of the '296 patent and will continue to be damaged by such acts in the future.

30.     To the extent any marking or notice may have been required, Hologic complied with 35 U.S.C. § 287 by giving notice to the public that certain articles or products may be covered by the '296 patent, including by fixing thereon the word "patent" (*e.g.,* "This product may be covered by one or more U.S. or foreign patents"), together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates patented articles or products with the number of the '296 patent.  *See* http://www.hologic.com/patent-information#IMG.  A true and correct copy of Hologic's virtual patent marking webpage is attached hereto as Exhibit H.

## COUNT II—INFRINGEMENT OF U.S. PATENT NO. 8,452,379

31.     Hologic repeats the allegations contained in paragraphs 1-18.

32.     Defendants have been and now are directly infringing at least independent claims 1, 6, and 9 of the '379 Patent and claims depending therefrom pursuant to 35 U.S.C. § 271(a) by making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, x-ray breast imaging devices, including at least their ASPIRE Cristalle product. An exemplary claim chart showing how the ASPIRE Cristalle product infringes the '379 Patent is attached hereto as Exhibit I.

33.     Upon information and belief, Defendants have indirectly infringed the  '379 Patent pursuant to 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement and/or contributing to the infringement of the '379 Patent by providing and/or selling in the United States at least the ASPIRE Cristalle product to customers and/or users of that product, and thus are liable for infringement of the '379 Patent pursuant to 35 U.S.C. § 271(b) and/or (c).

34.     Upon information and belief, Defendants are currently actively inducing and have induced infringement of the '379 Patent pursuant to 35 U.S.C. § 271(b) through, among other things, the sale and offer for sale in the United States of at least the ASPIRE Cristalle product to direct infringers that include, without limitation, the customers and end users who use Defendants' ASPIRE Cristalle product, with the specific intent that the ASPIRE Cristalle product be used in an infringing manner.

35.     Upon information and belief, Defendants have encouraged customers and end-users to use at least the ASPIRE Cristalle product in an infringing manner, provided operating manuals instructing customers and end-users to use at least that  product in an infringing manner, provided training and/or technical support to customers and end  users instructing how to use at

least that product in an infringing manner, and advertised, marketed, and promoted the use of at least that product in an infringing manner. Upon information and belief, Defendants have had specific intent to infringe the '379 Patent or were willfully blind to such infringement.

36.     Upon information and belief, Defendants have also indirectly infringed the '379 Patent pursuant to 35 U.S.C. § 271(c) by contributing to the infringement of the '379 Patent by providing and/or selling at least the ASPIRE Cristalle product in the United States to customers and/or users of that product, features of which constitute a material part of one or more claims of the '379 Patent, and are not a staple article of commerce suitable for non-infringing uses, and are especially made and or adapted for use in infringing the '379 Patent.

37.     Upon information and belief, Defendants possessed intent to contributorily infringe the '379 Patent because they knew that the features of at least the ASPIRE Cristalle product are especially made or adapted for use in an infringement of one or more claims of the '379 Patent and such features are not a staple article of commerce suitable for non-infringing uses.

38.     Upon information and belief, the direct infringers for Defendants' contributory infringement include, without limitation, the customers and end-users who use at least the ASPIRE Cristalle product, to whom Defendants sell and offer to sell at least that product. Defendants have contributed to these customers' and end-users' infringement by selling and offering to sell at least the ASPIRE Cristalle product to them, by advertising and promoting at least that product as embodying a material component of the patented invention, and by encouraging and providing instructions to their customers and end-users for using at least that product as embodying a material component of the patented invention.

39.    Upon information and belief, Defendants have had knowledge of the '379 Patent and its patent family as evidenced, for example, by (i) the reference to the '296 Patent during prosecution of FUJIFILM's own U.S. Patent No. 8,817,948; and (ii) the reference to the application that led to the '296 Patent during prosecution of FUJIFILM's own U.S. Patent No. 8,139,712.  The '296 Patent is the parent of the '379 Patent.

40.    The Summary of Safety and Effectiveness Data sheet available on the FDA's website for the FUJIFILM's ASPIRE Cristalle indicates that Hologic's Selenia Dimensions Tomosynthesis product performs certain of the same functions as the ASPIRE Cristalle. FUJIFILM, accordingly, upon information and belief has knowledge of Hologic's Selenia Dimensions Tomosynthesis product.  Furthermore, Hologic has given notice to the public on its virtual patent marking webpage, identified below, that Hologic's Selenia Dimensions Tomosynthesis product may be covered by, *inter alia*, the '379 Patent.

41.    Upon information and belief, Defendants' foregoing acts of infringement of the '379 patent have been and continue to be willful and deliberate.

42.    Hologic has been damaged, in an amount yet to be determined, by Defendants' acts of infringement of the '379 patent and will continue to be damaged by such acts in the future.

43.    To the extent any marking or notice may have been required, Hologic complied with 35 U.S.C. § 287 by giving notice to the public that certain articles or products may be covered by the '379 patent, including by fixing thereon the word "patent" (*e.g.,* "This product may be covered by one or more U.S. or foreign patents"), together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates patented articles or products with the number of the '379 patent.  *See*

http://www.hologic.com/patent-information#IMG.  A true and correct copy of Hologic's virtual

patent marking webpage is attached hereto as Exhibit H.

### COUNT III—INFRINGEMENT OF U.S. PATENT NO. 7,688,940

44.    Hologic repeats the allegations contained in paragraphs 1-18.

45.    Defendants have been and now are directly infringing at least independent claims

1 and 22 of the '940 Patent and claims depending therefrom pursuant to 35 U.S.C. § 271(a) by

making, using, offering for sale, and/or selling within the United States, and/or importing into the

United States, x-ray breast imaging devices, including at least their ASPIRE Cristalle product.

An exemplary claim chart showing how the ASPIRE Cristalle product infringes the '940 Patent

is attached hereto as Exhibit J.

46.    Upon information and belief, Defendants have indirectly infringed the  '940 Patent

pursuant to 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement

and/or contributing to the infringement of the '940 Patent by providing and/or selling in the

United States at least the ASPIRE Cristalle product to customers and/or users of that product, and

thus are liable for infringement of the '940 Patent pursuant to 35 U.S.C. § 271(b) and/or (c).

47.    Upon information and belief, Defendants are currently actively inducing and have

induced infringement of the '940 Patent pursuant to 35 U.S.C. § 271(b) through, among other

things, the sale and offer for sale in the United States of at least the ASPIRE Cristalle product to

direct infringers that include, without limitation, the customers and end users who use

Defendants' ASPIRE Cristalle product, with the specific intent that the ASPIRE Cristalle product

be used in an infringing manner.

48.    Upon information and belief, Defendants have encouraged customers and end-

users to use at least the ASPIRE Cristalle product in an infringing manner, provided operating

manuals instructing customers and end-users to use at least that product in an infringing manner, provided training and/or technical support to customers and end users instructing how to use at least that product in an infringing manner, and advertised, marketed, and promoted the use of at least that product in an infringing manner. Upon information and belief, Defendants have had specific intent to infringe the '940 Patent or were willfully blind to such infringement.

49.     Upon information and belief, Defendants have also indirectly infringed the '940 Patent pursuant to 35 U.S.C. § 271(c) by contributing to the infringement of the '940 Patent by providing and/or selling at least the ASPIRE Cristalle product in the United States to customers and/or users of that product, features of which constitute a material part of one or more claims of the '940 Patent, and are not a staple article of commerce suitable for non-infringing uses, and are especially made and or adapted for use in infringing the '940 Patent.

50.     Upon information and belief, Defendants possessed intent to contributorily infringe the '940 Patent because they knew that the features of at least the ASPIRE Cristalle product are especially made or adapted for use in an infringement of one or more claims of the '940 Patent and such features are not a staple article of commerce suitable for non-infringing uses.

51.     Upon information and belief, the direct infringers for Defendants' contributory infringement include, without limitation, the customers and end-users who use at least the ASPIRE Cristalle product, to whom Defendants sell and offer to sell at least that product. Defendants have contributed to these customers' and end-users' infringement by selling and offering to sell at least the ASPIRE Cristalle product to them, by advertising and promoting at least that product as embodying a material component of the patented invention, and by

encouraging and providing instructions to their customers and end-users for using at least that product as embodying a material component of the patented invention.

52.    Upon information and belief, Defendants have had knowledge of the '940 Patent and its patent family as evidenced, for example, by (i) the reference to Hologic's U.S. Patent No. 7,443,949 ("the '949 Patent") during prosecution of FUJIFILM's own U.S. Patent Nos. 8,838,207 and 7,715,524; and (ii) the reference to Hologic's U.S. Patent No. 7,319,735 ("the '735 Patent") during prosecution of FUJIFILM's own U.S. Patent No. 7,715,524.  The '949 Patent and '735 Patent are parents of the '940 Patent.

53.    The Summary of Safety and Effectiveness Data sheet available on the FDA's website for the FUJIFILM's ASPIRE Cristalle indicates that Hologic's Selenia Dimensions Tomosynthesis product performs certain of the same functions as the ASPIRE Cristalle. FUJIFILM, accordingly, upon information and belief has knowledge of Hologic's Selenia Dimensions Tomosynthesis product.  Furthermore, Hologic has given notice to the public on its virtual patent marking webpage, identified below, that Hologic's Selenia Dimensions Tomosynthesis product may be covered by, *inter alia*, the '940 Patent.

54.    Upon information and belief, Defendants' foregoing acts of infringement of the '940 patent have been and continue to be willful and deliberate.

55.    Hologic has been damaged, in an amount yet to be determined, by Defendants' acts of infringement of the '940 patent and will continue to be damaged by such acts in the future.

56.    To the extent any marking or notice may have been required, Hologic complied with 35 U.S.C. § 287 by giving notice to the public that certain articles or products may be covered by the '940 patent, including by fixing thereon the word "patent" (*e.g.,* "This product

may be covered by one or more U.S. or foreign patents"), together with an address of a posting

on the Internet, accessible to the public without charge for accessing the address, that associates

patented articles or products with the number of the '940 patent.  *See*

http://www.hologic.com/patent-information#IMG.  A true and correct copy of Hologic's virtual

patent marking webpage is attached hereto as Exhibit H.

## COUNT IV—INFRINGEMENT OF U.S. PATENT NO. 7,986,765

57.     Hologic repeats the allegations contained in paragraphs 1-18.

58.     Defendants have been and now are directly infringing at least independent claim

10 of the '765 Patent and claims depending therefrom pursuant to 35 U.S.C. § 271(a) by making,

using, offering for sale, and/or selling within the United States, and/or importing into the United

States, x-ray breast imaging devices, including at least their ASPIRE Cristalle product.  An

exemplary claim chart showing how the ASPIRE Cristalle product infringes the '765 Patent is

attached hereto as Exhibit K.

59.     Upon information and belief, Defendants have indirectly infringed the  '765 Patent

pursuant to 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement

and/or contributing to the infringement of the '765 Patent by providing and/or selling in the

United States at least the ASPIRE Cristalle product to customers and/or users of that product, and

thus are liable for infringement of the '765 Patent pursuant to 35 U.S.C. § 271(b) and/or (c).

60.     Upon information and belief, Defendants are currently actively inducing and have

induced infringement of the '765 Patent pursuant to 35 U.S.C. § 271(b) through, among other

things, the sale and offer for sale in the United States of at least the ASPIRE Cristalle product to

direct infringers that include, without limitation, the customers and end users who use

Defendants' ASPIRE Cristalle product, with the specific intent that the ASPIRE Cristalle product be used in an infringing manner.

61.     Upon information and belief, Defendants have encouraged customers and end-users to use at least the ASPIRE Cristalle product in an infringing manner, provided operating manuals instructing customers and end-users to use at least that product in an infringing manner, provided training and/or technical support to customers and end users instructing how to use at least that product in an infringing manner, and advertised, marketed, and promoted the use of at least that product in an infringing manner. Upon information and belief, Defendants have had specific intent to infringe the '765 Patent or were willfully blind to such infringement.

62.     Upon information and belief, Defendants have also indirectly infringed the '765 Patent pursuant to 35 U.S.C. § 271(c) by contributing to the infringement of the '765 Patent by providing and/or selling at least the ASPIRE Cristalle product in the United States to customers and/or users of that product, features of which constitute a material part of one or more claims of the '765 Patent, and are not a staple article of commerce suitable for non-infringing uses, and are especially made and or adapted for use in infringing the '765 Patent.

63.     Upon information and belief, Defendants possessed intent to contributorily infringe the '765 Patent because they knew that the features of at least the ASPIRE Cristalle product are especially made or adapted for use in an infringement of one or more claims of the '765 Patent and such features are not a staple article of commerce suitable for non-infringing uses.

64.     Upon information and belief, the direct infringers for Defendants' contributory infringement include, without limitation, the customers and end-users who use at least the ASPIRE Cristalle product, to whom Defendants sell and offer to sell at least that product.

Defendants have contributed to these customers' and end-users' infringement by selling and offering to sell at least the ASPIRE Cristalle product to them, by advertising and promoting at least that product as embodying a material component of the patented invention, and by encouraging and providing instructions to their customers and end-users for using at least that product as embodying a material component of the patented invention.

65.     Upon information and belief, Defendants have had knowledge of the '765 Patent and its patent family as evidenced, for example, by (i) the reference to Hologic's U.S. Patent No. 7,443,949 ("the '949 Patent") during prosecution of FUJIFILM's own U.S. Patent Nos. 8,838,207 and 7,715,524; and (ii) the reference to Hologic's U.S. Patent No. 7,319,735 ("the '735 Patent") during prosecution of FUJIFILM's own U.S. Patent No. 7,715,524.  The '949 Patent and '735 Patent are parents of the '765 Patent.

66.     The Summary of Safety and Effectiveness Data sheet available on the FDA's website for the FUJIFILM's ASPIRE Cristalle indicates that Hologic's Selenia Dimensions Tomosynthesis product performs certain of the same functions as the ASPIRE Cristalle. FUJIFILM, accordingly, upon information and belief has knowledge of Hologic's Selenia Dimensions Tomosynthesis product.  Furthermore, Hologic has given notice to the public on its virtual patent marking webpage, identified below, that Hologic's Selenia Dimensions Tomosynthesis product may be covered by, *inter alia*, the '765 Patent.

67.     Upon information and belief, Defendants' foregoing acts of infringement of the '765 patent have been and continue to be willful and deliberate.

68.     Hologic has been damaged, in an amount yet to be determined, by Defendants' acts of infringement of the '765 patent and will continue to be damaged by such acts in the future.

69.     To the extent any marking or notice may have been required, Hologic complied

with 35 U.S.C. § 287 by giving notice to the public that certain articles or products may be

covered by the '765 patent, including by fixing thereon the word "patent" (*e.g.,* "This product

may be covered by one or more U.S. or foreign patents"), together with an address of a posting

on the Internet, accessible to the public without charge for accessing the address, that associates

patented articles or products with the number of the '765 patent.  *See*

http://www.hologic.com/patent-information#IMG.  A true and correct copy of Hologic's virtual

patent marking webpage is attached hereto as Exhibit H.

### COUNT V—INFRINGEMENT OF U.S. PATENT NO. 7,123,684

70.     Hologic repeats the allegations contained in paragraphs 1-18.

71.     Defendants have been and now are directly infringing at least independent claims

11, 29, and 41 of the '684 Patent and claims depending therefrom pursuant to 35 U.S.C. § 271(a)

by making, using, offering for sale, and/or selling within the United States, and/or importing into

the United States, x-ray breast imaging devices, including at least their ASPIRE Cristalle

product.  An exemplary claim chart showing how the ASPIRE Cristalle product infringes the

'684 Patent is attached hereto as Exhibit L.

72.     Upon information and belief, Defendants have indirectly infringed the  '684 Patent

pursuant to 35 U.S.C. § 271(b) and/or (c) by knowingly and intentionally inducing infringement

and/or contributing to the infringement of the '684 Patent by providing and/or selling in the

United States at least the ASPIRE Cristalle product to customers and/or users of that product, and

thus are liable for infringement of the '684 Patent pursuant to 35 U.S.C. § 271(b) and/or (c).

73.     Upon information and belief, Defendants are currently actively inducing and have

induced infringement of the '684 Patent pursuant to 35 U.S.C. § 271(b) through, among other

things, the sale and offer for sale in the United States of at least the ASPIRE Cristalle product to direct infringers that include, without limitation, the customers and end users who use Defendants' ASPIRE Cristalle product, with the specific intent that the ASPIRE Cristalle product be used in an infringing manner.

74.     Upon information and belief, Defendants have encouraged customers and end-users to use at least the ASPIRE Cristalle product in an infringing manner, provided operating manuals instructing customers and end-users to use at least that product in an infringing manner, provided training and/or technical support to customers and end users instructing how to use at least that product in an infringing manner, and advertised, marketed, and promoted the use of at least that product in an infringing manner.  Upon information and belief, Defendants have had specific intent to infringe the '684 Patent or were willfully blind to such infringement.

75.     Upon information and belief, Defendants have also indirectly infringed the '684 Patent pursuant to 35 U.S.C. § 271(c) by contributing to the infringement of the '684 Patent by providing and/or selling at least the ASPIRE Cristalle product in the United States to customers and/or users of that product, features of which constitute a material part of one or more claims of the '684 Patent, and are not a staple article of commerce suitable for non-infringing uses, and are especially made and or adapted for use in infringing the '684 Patent.

76.     Upon information and belief, Defendants possessed intent to contributorily infringe the '684 Patent because they knew that the features of at least the ASPIRE Cristalle product are especially made or adapted for use in an infringement of one or more claims of the '684 Patent and such features are not a staple article of commerce suitable for non-infringing uses.

77.     Upon information and belief, the direct infringers for Defendants' contributory infringement include, without limitation, the customers and end-users who use at least the ASPIRE Cristalle product, to whom Defendants sell and offer to sell at least that product. Defendants have contributed to these customers' and end-users' infringement by selling and offering to sell at least the ASPIRE Cristalle product to them, by advertising and promoting at least that product as embodying a material component of the patented invention, and by encouraging and providing instructions to their customers and end-users for using at least that product as embodying a material component of the patented invention.

78.     Upon information and belief, Defendants have had knowledge of the '684 Patent and its patent family as evidenced, for example, by the reference to the '684 Patent during prosecution of FUJIFILM's own U.S. Patent Nos. 8,817,948; 8,675,814; 7,715,524; and 7,566,172.

79.     The Summary of Safety and Effectiveness Data sheet available on the FDA's website for the FUJIFILM's ASPIRE Cristalle indicates that Hologic's Selenia Dimensions Tomosynthesis product performs certain of the same functions as the ASPIRE Cristalle. FUJIFILM, accordingly, upon information and belief has knowledge of Hologic's Selenia Dimensions Tomosynthesis product.  Furthermore, Hologic has given notice to the public on its virtual patent marking webpage, identified below, that Hologic's Selenia Dimensions Tomosynthesis product may be covered by, *inter alia*, the '684 Patent.

80.     Upon information and belief, Defendants' foregoing acts of infringement of the '684 patent have been and continue to be willful and deliberate.

81.     Hologic has been damaged, in an amount yet to be determined, by Defendants'

acts of infringement of the '684 patent and will continue to be damaged by such acts in the

future.

82.     To the extent any marking or notice may have been required, Hologic complied

with 35 U.S.C. § 287 by giving notice to the public that certain articles or products may be

covered by the '684 patent, including by fixing thereon the word "patent" (*e.g.,* "This product

may be covered by one or more U.S. or foreign patents"), together with an address of a posting

on the Internet, accessible to the public without charge for accessing the address, that associates

patented articles or products with the number of the '684 patent.  *See*

http://www.hologic.com/patent-information#IMG.  A true and correct copy of Hologic's virtual

patent marking webpage is attached hereto as Exhibit I.

## PRAYER FOR RELIEF

Hologic respectfully requests that this Court enter an order:

A.     adjudging and decreeing that Defendants have violated and are violating 35

U.S.C. § 271 by infringing one or more claims of the '296, '379, '940, '765, and '684 Patents;

B.     preliminarily and permanently enjoining Defendants and their officers,

employees, agents, and all others acting in concert with them or participating with them from

further acts that infringe the '296, '379, '940, '765, and '684 Patents;

C.     awarding Hologic damages adequate to compensate Hologic for Defendants'

infringement of the '296, '379, '940, '765, and '684 Patents under 35 U.S.C. § 284;

D.     awarding Hologic enhanced damages under 35 U.S.C. § 284;

E.     awarding pre-judgment and post-judgment interest and costs under  35 U.S.C. §

284;

F.      finding this action to be an exceptional case under 35 U.S.C. § 285;

G.      awarding Hologic its costs and attorneys' fees incurred in this action; and

H.      awarding such other relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Hologic demands a trial by jury of all issues triable of right by jury.

Dated:  June 26, 2017

/s/  Terri L. Chase
Terri L. Chase
tlchase@jonesday.com
John J. Normile *(pro hac appl'n to be filed)*
jjnormile@jonesday.com
Kenneth S. Canfield *(pro hac appl'n to be filed)*
kcanfield@jonesday.com
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

Calvin P. Griffith *(pro hac appl'n to be filed)*
cpgriffith@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

John A. Marlott *(pro hac appl'n to be filed)*
jamarlott@jonesday.com
John M. Michalik *(pro hac appl'n to be filed)*
jmichalik@jonesday.com
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585

M. Andrew Woodmansee *(pro hac appl'n to be filed)*
mawoodmansee@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone:  (858) 314-1200
Facsimile:  (844) 345-3178

*Attorneys for Plaintiff,*
*Hologic, Inc.*